23-7531
Mejia-Padilla v. Bondi

BIA
Burnham, IJ
A208 168 018/019

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-six.

PRESENT:
　　　　ROBERT D. SACK,
　　　　RICHARD J. SULLIVAN,
　　　　EUNICE C. LEE,
　　　　　　*Circuit Judges.*
_____

MILGIAN LISETH MEJIA-PADILLA,
W.R. H.-M.,
　　　　*Petitioners,*

　　　　v.　　　　　　　　　　　　　　　　　**23-7531**
　　　　　　　　　　　　　　　　　　　　　　**NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.**
_____

_____

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

**FOR PETITIONERS:** Melinda M. Basaran, B.K. Law Firm, LLC, Clifton, NJ.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Justin Markel, Senior Litigation Counsel; Kevin J. Conway, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Milgian Liseth Mejia-Padilla and her minor child, natives and citizens of Honduras, seek review of a September 29, 2023, decision of the BIA affirming a November 7, 2019, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Milgian Liseth Mejia-Padilla, et al.*, Nos. A208 168 018/019 (B.I.A. Sept. 29, 2023), *aff'g* Nos. A208 168 018/019 (Immigr. Ct. N.Y.C. Nov. 7, 2019). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, minus the

grounds for the denial of relief that the BIA did not rely on. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard," and questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Because the BIA denied asylum and withholding of removal based solely on the lack of nexus to a protected ground, that is the only issue before us, and we do not consider Mejia-Padilla's arguments regarding the particularity of her proposed social groups. *See Xue Hong Yang*, 426 F.3d at 522. To prevail on an application for asylum and withholding of removal, an applicant "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (applying asylum's "one central reason" standard to withholding of removal). General crime and violence in a country are not grounds for asylum and withholding of removal. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999). "The applicant must . . . show, through direct or

circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005); *see also Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985) (defining persecution as harm inflicted to "punish" a person "for possessing a belief or characteristic a persecutor sought to overcome").

Mejia-Padilla claimed that gang members targeted her for extortion based on her membership in particular social groups of (1) Honduran women, (2) Honduran women with no protective figure living with her, and (3) Honduran mothers of children with fathers who do not live them. She argues that the agency ignored evidence that gang members had mixed motives in targeting her and that her country conditions evidence demonstrates "widespread misogyny and patriarchy in Honduras [that] serve[s] as circumstantial evidence for the motives of the gang members who targeted her." Appellants' Br. at 21. A review of the record shows that the IJ considered her evidence, which does not compel the conclusion that her status as a Honduran woman, a Honduran woman with no protective figure living with her, or Honduran mothers of children with fathers who do not live with them was one central reason for the gang's extortion demands and threats of violence. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282–

4

83 (2d Cir. 2006) (reviewing nexus determination for substantial evidence); *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence," but "[r]ather, it requires us to ask only whether record evidence compelled . . . [a] finding different from that reached by the agency."); *see Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence . . . unless the record compellingly suggests otherwise.").

Mejia-Padilla contends that her country conditions evidence reflects "widespread misogyny and patriarchy" and violence against women committed with impunity, Appellants' Br. at 21–22, but even if that were the case, the record supports the agency's conclusion that the gang targeted her for extortion, and does not demonstrate that animus toward women or mothers living alone was more than a "tangential or incidental" reason for her abuse. *Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022) (finding harm motivated by perceived ability to pay extortion was not persecution on a protected ground); *cf. Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to

5

persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA.").

As the record does not reflect that the IJ ignored evidence or that Mejia-Padilla's evidence undercuts the IJ's nexus finding, her due process argument also fails. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (recognizing that a due process claim may arise if an applicant "was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness" (quotation marks omitted)); *see also Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (quotation marks omitted)).

Nor has Mejia-Padilla demonstrated error in the agency's denial of CAT relief. A CAT applicant "bears the burden of proving" that "[s]he more likely than not would be tortured by, or with the acquiescence of, government officials acting in an official capacity." *Quintanilla-Mejia*, 3 F.4th at 592 (quotation marks omitted). In assessing likelihood, "all evidence relevant to the possibility of future torture shall be considered, including, but not limited to . . . [e]vidence of past torture," ability to relocate within the country, "[e]vidence of gross, flagrant or mass

violations of human rights within the country of removal," and "[o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3). We review the agency's likelihood and acquiescence findings for substantial evidence, which "requires us to ask only whether record evidence compelled . . . [a] finding different from that reached by the agency." *Quintanilla-Mejia*, 3 F.4th at 593–94.

Mejia-Padilla asserts that she was tortured when gang members threw boiling water on her, that they will torture her again if she returns, and that her country conditions evidence proves that the Honduran government is unable and unwilling to protect her. She does not elaborate on this argument except to point to evidence that "95 percent of cases of sexual violence and femicide in Honduras were never even investigated" and that "criminals operate with ahigh [sic] degree of impunity." Appellants' Br. at 26. However, even if this evidence established that the Honduran government would acquiesce to future violence, Mejia-Padilla does not point to evidence that she is likely to be tortured or identify evidence the agency overlooked in this regard. *See Garcia-Aranda*, 53 F.4th at 759 (explaining that CAT relief requires a two-step inquiry where applicant must show both that it is more likely than not that she will be tortured and that her likely future harm

will be inflicted by or with the consent or acquiescence of a public official).

Because she fails to assert specific error in this aspect of the agency's decision, she has abandoned review of her CAT claim. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment" (quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8